# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

EUGENE SHOPE,
    Plaintiff

vs

MICHAEL J. ASTRUE,
Commissioner of Social
Security,
    Defendant

Case No. C-1-08-95
(Dlott, J.)
(Hogan, M.J.)

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Application for Payment of Attorney Fees Pursuant to the Equal Access to Justice Act (Doc. 29), and the Stipulation for Award of Attorney Fees Under the Equal Access to Justice Act, 28 U.S.C. § 2412 (Doc. 30).

Following the filing of Plaintiff's motion, the parties stipulated to the entry of an order awarding attorney fees in the total amount of $5,000 under the Equal Access to Justice Act ("EAJA"). (Doc. 30). While any fees paid under EAJA belong to Plaintiff, and not his attorney, Plaintiff has attached to his motion, a fee agreement with counsel, and has directed that any award under the EAJA be paid directly to his attorney, Paulette F. Balin. Pursuant to the assignment of fees from Plaintiff to his attorney, the parties have stipulated that the award of attorney fees under the EAJA shall be made payable directly to Plaintiff's counsel, as assignee of Plaintiff. Plaintiff and Defendant have further agreed that this award is an appropriate settlement of Plaintiff's EAJA attorney fees and will satisfy all Plaintiff's claims for fees, costs and expenses under 28 U.S.C. § 2412.

**IT IS THEREFORE RECOMMENDED THAT,** pursuant to the Stipulation of the parties (Doc. 30), Plaintiff's Application for Payment of

Attorney Fees Pursuant to the Equal Access to Justice Act (Doc. 29) should be GRANTED and Plaintiff should be awarded attorney fees and costs in the amount of $5,000.00 pursuant to the EAJA and made payable directly to Plaintiff's attorney, Paulette F. Balin.

Date: 6/19/09

Timothy S. Hogan
United States Magistrate Judge

**NOTICE TO THE PARTIES REGARDING THE FILING
OF OBJECTIONS TO THIS R&R**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten (10) days after being served with this Report and Recommendation. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen (13) days (excluding intervening Saturdays, Sundays, and legal holidays) in the event this Report is served by mail, and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation are based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

J:\LES\SOC_SEC\R&R\Shope.eaja.stip.wpd